IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN LEE JOHNSTON,

    Petitioner,                      No. CIV S-07-2052 GEB EFB P

    vs.

A. HEDGPETH, Warden, et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

                                /

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss this action as untimely. For the reasons explained below, the court finds that respondents' motion must be granted.

**I.    Facts**

Petitioner was convicted of battery with serious bodily injury and assault with intent to inflict great bodily injury on October 17, 2002. Lodged Doc. 1. Based on these offenses and on prior convictions and prison terms he had served, the trial judge sentenced petitioner to 25 years to life plus four consecutive one year terms in prison. *Id*. Petitioner appealed the judgment, and the California Court of Appeal for the Third District affirmed on November 19, 2003. Lodged Doc. 2. Petitioner did not file a petition for review in the California Supreme Court.

////

At some time that is not clear from the record, petitioner contacted the California Bar to complain that defense counsel had been discharged but had not given petitioner his case file. On September 26, 2005, petitioner received a response stating that counsel had been given ten days to contact petitioner about the file, but that counsel was not obliged under California's ethical rules to mail or deliver it to petitioner. Petition, Ex. 1.

Petitioner's next challenge to the judgment was a petition for a writ of habeas corpus filed in the trial court on January 24, 2006.[1] Lodged Doc. 3. That court denied relief in a reasoned decision on February 7, 2006. Lodged Doc. 4. Thus, on February 28, 2006, petitioner filed a petition for a writ of habeas corpus in the appellate court. Lodged Doc. 5. On March 8, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. Lodged Doc. 7. On the following day, March 9, the appellate court summarily denied petitioner's application. Lodged Doc. 6. The Supreme Court denied relief on July 25, 2007. Lodged Doc. 8.

On June 9, 2006, petitioner was placed in administrative segregation for having participated in a riot. Lodged Doc. 9. At some point not reflected in the record, petitioner filed a grievance alleging that his legal documents were confiscated during a search following the riot. On October 20, 2006, petitioner received a first level response denying the grievance upon the ground that he had failed to demonstrate that any paperwork had been lost in the search. Petition, Ex. 2. On November 11, 2006, petitioner wrote a letter to the trial court requesting a copy of the habeas petition he had filed so that he could continue to challenge his conviction. Petition, Ex., 3. He explained that his copy had been confiscated following the June 9, 2006, riot and his attempts to retrieve it through the prison grievance system had proved unfruitful. *Id.*

---

[1] For each date petitioner filed a habeas petition in state and in federal court, the court deems the petition filed the date reflected on the certificate of service. *See* Rule 3(d), Federal Rules Governing Section 2254 Cases; *see also*, *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

The record does not reflect when, but the court sent petitioner a copy of his habeas application. *Id.*

On September 24, 2007, petitioner filed his federal petition in this court.

## II.     Legal Standards

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The period began to run from the date the judgment of conviction became final based on the expiration of the time for seeking direct review from the California Court of Appeal.  *See* 28 U.S.C. § 2244(d)(1)(A).  Under California law, the conviction became final 40 days after the California Court of Appeal filed its opinion. *See* Cal. Rules of Court, Rules 8.264, 8.5 8.6; Cal. Civ. Proc. Code § 12a.  The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The period is tolled once a petitioner properly files a state post-conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

////

### III. Analysis

As noted above, the appellate court affirmed the judgment of conviction on November 19, 2003. Pursuant to California's rules of court, the judgment was final on December 29, 2003. The limitations period commenced the next day, s*ee Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001) (calculating AEDPA's one-year limitation period according to Fed. R. Civ. P. 6(a)), and petitioner therefore had until December 29, 2004, to file his federal petition. Petitioner did not file his federal application until October 1, 2007, and, absent tolling, this action clearly is untimely.

#### A. Statutory Tolling

As respondents note, statutory tolling is not available to petitioner. When a petitioner commences the process of seeking state post-conviction relief after the federal limitations period expires, the state-court applications do not toll the limitations period. *See Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed). Here, the limitations period expired December 29, 2004. Petitioner filed his first state habeas petition on January 24, 2006, more than one year after the federal limitations period expired. Thus, petitioner is not entitled to statutory tolling. This action is timely only if petitioner is entitled to equitable tolling.

#### B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling. In particular, he asserts that the period should be equitably tolled from the date his conviction became final until October 13, 2005, when he received records related to his case from counsel. A court may grant equitable tolling when a prisoner diligently has pursued his rights, but some extraordinary circumstance has prevented him from timely filing a petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (9th Cir. 2005); *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the

1  failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."
2  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  These circumstances must actually cause
3  the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Negligence on the part
4  of a petitioner's counsel is not an "extraordinary circumstance" that warrants equitable tolling.
5  *Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir 2002).  Attorney misconduct must be
6  "sufficiently egregious" to justify equitable tolling.  *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th
7  Cir. 2003).  The Ninth Circuit has found extraordinary circumstances where counsel was hired
8  almost a year before the federal limitations period expired, yet completely failed to prepare and
9  file a federal habeas petition despite repeated written and telephone contact from both the
10 petitioner and his mother.[2] *Spitsyn*, 345 F.3d at 802.  Diligence requires that a party actively
11 pursue his rights. *See Pace*, 544 U.S. at 418.  For example, where a petitioner waits without
12 justification to assert claims of which he is aware and which he is able to present, a court will not
13 find that the petitioner has been diligent. *Pace*, 544 U.S. at 419.

14      Here, the parties agree that as late as September 26, 2005, petitioner was not in
15 possession of the documents related to his case.  Petitioner asserts that counsel failed to provide
16 him with the file.  There is no evidence, however, to shed any light on why this is the case.
17 There is no evidence of whether, and if so when, petitioner requested the file from counsel.
18 Neither is there any evidence that counsel ever refused to relinquish the file to petitioner or that
19 he simply ignored repeated requests to relinquish it.  The court has no basis for finding that
20 counsel engaged in any misconduct whatsoever.  Thus, the court cannot find that counsel's
21 possession of the file is an extraordinary circumstances for purposes of equitable tolling.

22      This lack of evidence also is the basis for finding that petitioner has failed to act with
23 diligence.  The only evidence in the record suggesting that petitioner took any action to obtain
24 his file from counsel is the response from the California State Bar.  There is no evidence that

---

[2] Whether petitioner exercised sufficient diligence, however, was not clear from the record. *Id.* Thus, the case was remanded for the district court to make that determination. *Id.*

5

petitioner ever contacted counsel.  Thus, even if the fact of counsel's retaining petitioner's file could be said to be an extraordinary circumstance, the court cannot find that petitioner was diligent in his efforts to obtain the file.  Furthermore, as respondents note, the claims that petitioner raises in the federal application would have been apparent to petitioner during his trial.  Petitioner does not allege that any particular information in those files was indispensable to his ability to present his claims.  Therefore, it appears that he could have raised them in a federal petition without having access to the trial and appellate records.

Petitioner also contends that he is entitled to equitable tolling from June 9, 2006, the day he asserts a guard took his legal papers, until December 9, 2006, when he obtained a copy of his January 24, 2006, petition from the trial court.  The court need not reach the question of whether the confiscation of his papers was an extraordinary circumstance, however.  It could not have interfered with his ability timely to file a federal petition because the federal limitations period already had expired.

For all these reasons, the court find's that petitioner is not entitled to equitable tolling.  The petition filed October 1, 2007, is late, and respondents' motion must be granted.

**IV.   Conclusion**

For the reasons stated above, the court finds that petitioner filed his application for a writ of habeas corpus beyond the one-year limitation period.  Since the court finds that petitioner has not satisfied his burden of demonstrating that he is entitled to either statutory or equitable tolling, the court need not address respondents' other arguments.

Accordingly, it is hereby RECOMMENDED that respondent's February 6, 2008, motion to dismiss be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 18, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE